UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-00472-FDW-SCR

| | |
|---|---|
| BURNICE BEACH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| FLUID-FLOW PRODUCTS, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss, (Doc. No. 4), pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. This matter has been fully briefed, (Doc. Nos. 1, 4–1, 8, 10), and is ripe for ruling. For the reasons set forth below, Plaintiff's Complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**. Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is **DENIED AS MOOT.** The Court's ruling is **WITH LEAVE TO AMEND**.

I. BACKGROUND

Burnice Beach ("Plaintiff") initiated this action with this Court on July 27, 2023, after the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue on June 16, 2023. (Doc. No. 1, p. 2–3). The Notice of Right to Sue is associated with an EEOC Charge, which was filed on November 18, 2022, claiming disability discrimination and retaliation. Id.

Plaintiff's Complaint seeks to recover monetary damages for injuries caused by Defendant's alleged discriminatory actions and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"). (Doc. No. 1, p. 6). In support of his disability discrimination claim, Plaintiff alleges he, "[a]t all relevant times, suffered from kidney failure;" the kidney failure

1

"substantially limited one or more of his major life activities and constitutes a disability under applicable law;" Defendant was aware of his medical condition; "[o]n or about August 31, 2022, Plaintiff vomited at work [, which] was seen by [Defendant's employee];" Defendant sent him home after the vomiting; "Defendant terminated Plaintiff's employment due to being unable to complete the workday." (Doc. No. 1, p. 3–5).

In support of his retaliation claim, Plaintiff further alleges "Defendant intentionally retaliated against Plaintiff based on his request of reasonable accommodations and use of protected medical leave pursuant to his disability." (Doc. No. 1, p. 3–6).

## II. STANDARD OF REVIEW

In order to survive a 12(b)(6) motion to dismiss, a complaint must contain more than mere legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A complaint must plead facts sufficient to "raise a right to relief above the speculative level" and to demonstrate that the claim is "plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The claim is facially plausible when the factual content of the complaint allows the court to "draw the reasonable inference that the defendant is liable for the misconduct." Iqbal, 556 U.S. at 678.

Furthermore, when considering a Rule 12(b)(6) motion to dismiss, a court must accept as true all the well-pleaded factual allegations contained within the complaint and must draw all reasonable inferences in the plaintiff's favor. Hall v. DIRECTV, LLC, 846 F.3d 757, 765 (4th Cir. 2017). However, a court need not accept as true any legal conclusions stated by the plaintiff. Iqbal, 556 U.S. at 678.

## III. DISCUSSION

### A. Disability Discrimination under the ADA

In moving to dismiss the disability discrimination claim, Defendant argues Plaintiff has not alleged sufficient facts to show Plaintiff's kidney failure would be a disability under the ADA. (Doc. No. 4–1, p. 4).

Under the ADA, a disability is "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual" (the "actual-disability" prong); (B) "a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1) (2009).

In respect to this claim, Plaintiff has not met the minimum pleading standards because Plaintiff merely recites the legal definition of an ADA disability in order to show he has an ADA disability. For the purposes of this Order, the Court acknowledges kidney failure is "a physical or mental impairment." However, Plaintiff does not allege any facts identifying affected "major life activities" or how his kidney failure "substantially limits" the identified "major life activities."

**B. Retaliation in Violation of the ADA**

In moving to dismiss the retaliation claim, Defendant argues Plaintiff has not alleged sufficient facts to show Plaintiff engaged in protected conduct. (Doc. No. 4–1, p. 4).

"To establish a prima facie retaliation claim under the ADA, a plaintiff must prove (1) he engaged in protected conduct (2) he suffered an adverse action, and (3) a causal link exists between the protected conduct and the adverse action." Schmidt v. Town of Cheverly, MD., 212 F. Supp. 3d 573, 580 (D. Md. 2016).

In respect to this claim, Plaintiff has not met the minimum pleading standards because Plaintiff merely provides a legal conclusion that he engaged in protected conduct. For the purpose of this Order, the Court accepts that a request for reasonable accommodations is a protected activity. However, Plaintiff has not alleged sufficient facts showing he requested reasonable

accommodations at any time or engaged in other protected conduct. To the contrary, Plaintiff alleges it was Defendant who sent him home against Plaintiff's wishes after Plaintiff vomited. (Doc. No. 1, p. 4).

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND** on or before December 4, 2023. If an amended complaint is not filed by the deadline, the case will be dismissed without further notice from the Court. The Defendant's Motion for Dismissal, (Doc. No. 4), is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Signed: November 20, 2023

Frank D. Whitney
United States District Judge